UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO DEMOCRATIC PARTY,<br><br>                        Plaintiff,<br><br>    v.<br><br>OHIO REPUBLICAN PARTY, DONALD J. TRUMP FOR PRESIDENT, INC., ROGER J. STONE, JR., STOP THE STEAL INC.,<br><br>                        Defendants. | Civil Action No. 1:16-cv-02645-JG<br><br>JUDGE JAMES S. GWIN<br><br>MAGISTRATE JUDGE THOMAS M. PARKER |

**[PROPOSED] ORDER AND OPINION**

This matter comes before the Court on Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction. For the reasons set forth below, the Motion is GRANTED.

Plaintiff Ohio Democratic Party brings this action under Section 2 of the Ku Klux Klan Act of 1871, 42 U.S.C. § 1985(3), and Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b). Plaintiff moves to temporarily restrain and preliminarily enjoin Defendants from (a) advancing their conspiracy to intimidate, threaten, harass, or coerce voters; (b) actually

1

intimidating, threatening, harassing, or coercing—or attempting to intimidate, threaten, harass, or coerce—voters; (c) violating Ohio law with respect to poll-watching activities; and (d) engaging in any other conduct contributing to the intimidation, harassment, or coercion of voters.

Having considered all of the materials and arguments that have been submitted in this matter, including Plaintiff's Complaint and Memorandum of Law, IT IS HEREBY ORDERED THAT, effective immediately and extending until 11:59 p.m., November 8, 2016, or until voting in the 2016 Presidential Election is complete, Defendants—as well as their officers, agents, servants, employees, supporters, volunteers, and attorneys, and those persons who are in active concert or participation with them—are RESTRAINED AND ENJOINED from engaging in any of their contemplated voter intimidation activity, including but not limited to:

a. Engaging in any "poll watching" or "poll monitoring" activities inside or outside of polling places that involve challenging or questioning voters or prospective voters about their eligibility to vote, or funding, encouraging, assisting, training, or organizing individuals to engage in such activities;

b. Interrogating, admonishing, interfering with, or verbally harassing voters or prospective voters inside or outside polling locations, or training, organizing, or directing others to do the same;

c. Distributing literature and/or stating to individuals at or around a polling place that voter fraud is a crime, or describing the penalties under any State or Federal Statute for impermissibly casting a ballot, or funding, encouraging, assisting, training, or organizing individuals to engage in such activity;

2

    d.   Gathering or loitering, or otherwise being present without the intention to vote, within the buffer zone under Ohio law (R.C. 3501.35) marked out by miniature American flags placed by election officials around any polling place, or within ten (10) feet of a voter standing in a line extending outside of that buffer zone;

    e.   Following, taking photos of, or otherwise recording voters or prospective voters, those assisting voters or prospective voters, or their vehicles, or training, organizing, or directing others to do the same;

    f.   Questioning, and training, organizing, or deputizing any persons to question voters at Ohio polling locations under the guise of the purported "exit polling" or "citizen journalist" operations organized and encouraged by Defendants Stone and Stop the Steal;

    g.   Otherwise organizing, supporting, or encouraging efforts to engage, or directly engaging, in voter intimidation.

This Order does not apply to any activity explicitly authorized by Ohio law with respect to observers officially credentialed by a board of elections to be present at the polling location or the right under Ohio law for others to enter a polling location solely for purposes of reviewing the list of voters.

IT IS FURTHER ORDERED THAT Defendants shall show cause as to why a Preliminary and/or Permanent Injunction should not issue restraining and enjoining them from engaging in the conduct described above.

IT IS FURTHER ORDERED THAT this Order and Opinion be publicized to law enforcement and elections officials in advance of Election Day.  Defendants shall bear reasonable costs of publication.


SO ORDERED.

                                                                                                                                                                          _____
                                                                                                                                                                      Hon. James S. Gwin, U.S.D.J.


Dated: _____