# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Ohio Democratic Party,** <br><br> **Plaintiff,** <br><br> v. <br><br> **Ohio Republican Party; Donald J. Trump for President, Inc.; Roger J. Stone Jr.; and Stop the Steal Inc.,** <br><br> **Defendants.** | Civil Action No. 1:16-cv-2645 |

## POSITION OF DEFENDANT DONALD J. TRUMP FOR PRESIDENT, INC. IN RESPONSE TO COURT ORDER AND COMPLAINT

On November 1, 2016, the Court instructed all defendants to file a response to the Ohio Democratic Party's complaint and indicate whether they have any objection to "the entrance of an order limiting voter intimidation or an order limiting people at polling locations who are not authorized poll watchers or outside the polling stations." More than anything else, Defendant Trump for President (hereafter the "Campaign") wants to emphasize that it has not violated, nor does it have any plans to violate or encourage others to violate, Ohio or federal law. Any contrary indication in Plaintiff's Complaint is unfounded.

Ohio law comprehensively regulates the voting process. Among those many regulations, Ohio law authorizes state political parties to credential poll watchers, monitor election sites, and engage in a range of other standard political fare. The Ohio Republican Party has followed those rules in countless elections, and will no doubt do so this election season. And the Campaign will likewise fully adhere to all federal and state rules on Election Day.

That point being settled, the Campaign, as set forth in greater detail in the attached memorandum, does not believe that, at this juncture, the Court's proposed remedy is either necessary or proper. Most obviously, the Complaint's allegations fail to justify the extraordinary remedy of a temporary restraining order. The Complaint has not offered, for example, any evidence of actual or impending violations of state or federal law. It draws upon political speeches, non-party Twitter feeds, and other standard election fare, but none of the anecdotes it cites amount to evidence that the Campaign (or any other defendant) is in fact intimidating or threatening—or planning to intimidate or threaten—Ohio voters.

Equally true, Ohio law sets clear markers in defining proper polling-place conduct. Because the Campaign will comply with those rules on election-day—and Plaintiff has offered no evidence to conclude otherwise—there is no basis for a court order instructing it do so. In fact, such an order would be the type of "obey-the-law" injunction that is generally prohibited. *See, e.g.*, *E.E.O.C. v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 576 (6th Cir. 1984). Even worse, the broad terms of the proposed injunction sweep so far as to not only be in tension with rights afforded under Ohio law, but also to raise grave First Amendment concerns. The injunction threatens to limit the Campaign's right to reach voters outside the polling place as well as the ability to collect voting data inside the polling place for traditional get-out-the-vote activities, as authorized under Ohio law. *See* R.C. 3503.23(C) (permitting "any person" to "enter the

polling place for the sole purpose of reviewing the official registration list" identifying registered voters in the precinct and whether or not those voters have voted). And beyond its impact on the Campaign, the injunction threatens to chill political speech by non-parties—for example, citizens with no formal connection to the defendants who are interested in political organizing and speech outside the polls. Plaintiff has not justified—and cannot possibly justify—placing such speech-restricting burdens on parties and non-parties alike.

For these reasons and those discussed in the accompanying memorandum of law, the defendants request that the Court deny Plaintiff's request for injunctive relief and dismiss its Complaint.[1]

---

[1] Plaintiff brought suit against the Campaign, the Ohio Republican Party, Roger J. Stone Jr., and Stop the Steal. The Campaign agrees with the Ohio Republican Party's arguments in its filings here, in particular its understanding of Ohio election law and the rights afforded political parties in observing elections, and adopts them as its own. The Campaign has no relationship with the remaining defendants, Roger Stone or Stop the Steal; neither is in any way associated with the Campaign.

Dated: November 2, 2016						Respectfully submitted,


						s/ Chad A. Readler
						Chad A. Readler (0068394)
						JONES DAY
						325 John H. McConnell Blvd., Suite 600
						Columbus, OH 43215
						(614) 469-3939
						careadler@jonesday.com

						Attorney for Defendant
						Donald J. Trump for President, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2016, a copy of the foregoing Position of Defendant Donald J. Trump for President, Inc. in Response to Court Order and Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                            s/Chad A. Readler  
                                                            Chad A. Readler