UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO DEMOCRATIC PARTY,<br><br>                Plaintiff,<br><br>   v.<br><br>OHIO REPUBLICAN PARTY, DONALD J. TRUMP FOR PRESIDENT, INC., ROGER J. STONE, JR., and STOP THE STEAL INC.,<br><br>                Defendants. | Civil Action No. 1:16-cv-02645-JG<br><br>JUDGE JAMES S. GWIN<br><br>MAGISTRATE JUDGE THOMAS M. PARKER |

**DECLARATION OF DAWN L. SMALLS, ESQ.**

I, Dawn L. Smalls, am of full age and, upon my oath according to law, hereby certify as follows:

1. I am a partner in the law firm of Boies, Schiller & Flexner LLP, which is co-counsel for Plaintiff Ohio Democratic Party in the above-captioned matter. I am familiar with the facts related to this litigation, and with the facts related to service of court documents to Defendants.

2. I have coordinated efforts by two process serving firms in two states to effectuate service upon Defendants Roger J. Stone, Jr. ("Stone"), and Stop the Steal Inc. ("Stop the Steal") in the above-caption matter. The firm in California is First Legal Network, and the address of its Los Angeles office is 1517 West Beverly Boulevard, Los Angeles, CA 90026. The firm in Florida is PI Services, and its address is 1234 South Dixie Highway, # 157, Coral Gables, FL 33146.

3. On or about November 2, 2016, I viewed an article that was published in *The Guardian*; was dated October 20, 2016; and reported that Stone founded Stop the Steal before the Republican National Convention in July. Upon viewing the article, I saved a copy electronically. Annexed hereto as Exhibit 1 is a true and accurate copy of the article I viewed.

4. Stop the Steal is a Section 527 exempt political organization (Employer Identification Number 81-2115618) under the Internal Revenue Code. Pursuant to Section 527's filing requirements, Stop the Steal regularly completes publicly available Form 8871 and 8872 submissions (the "Section 527 filings"), listing its contact information and that of its custodian and contact person.

5. On or about November 1, 2016, I viewed one Form 8871 submission by Stop the Steal; it was completed on April 6, 2016, and amended on June 3, 2016. I also viewed three Form 8872 submissions, dated July 15, 2016; October 15, 2016; and October 26, 2016.

6. On all four Section 527 filings, Stop the Steal reported its business address as: 3843 South Bristol Street, Suite 312, Santa Ana, CA 92704 (the "Santa Ana address"). On all four filings, Stop the Steal reported its email address as: no@email.

7. On the original Form 8871 submission, dated April 6, 2016, Stop the Steal reported its custodian and contact person to be Sarah Rollins ("Rollins"). Stop the Steal reported

Rollins' address as the Santa Ana address. On the same Form 8871 and on the Form 8872 submission dated July 15, 2016, Stop the Steal reported its Treasurer to be Rollins, and her mailing address to be the Santa Ana address.

8. On the amended Form 8871, which is dated June 3, 2016, and on all three Form 8872 submissions, Stop the Steal reported its custodian and contact person to be Brad Boeck ("Boeck"). On all of these submissions, Stop the Steal reported Boeck's address as the Santa Ana address.

9. Upon viewing the original and amended Form 8871 and three Form 8872 submissions, I saved copies of them electronically. Annexed hereto as Exhibits 2 to 6 are true and accurate copies of the filings I viewed and saved, in chronological order.

10. On or about November 1, 2016, I viewed Stop the Steal's website "Stop The Steal." On the website, Stop the Steal reports its location as the Santa Ana address.

11. Upon viewing the website, I captured an image of the address and saved it electronically. Annexed hereto as Exhibit 7 is a true and accurate copy of the image I captured and website I viewed.

12. On or about November 1, 2016, I sent a California process server from First Legal Network to effectuate service upon Stone and Stop the Steal at the Santa Ana address.

13. The process server later reported to me that the Santa Ana address is the location of a UPS store. The process server reported that there was no room or unit designated as Suite 312; rather, "Suite 312" refers to a UPS box number.

14. The process server also reported that the clerk on duty at the UPS store refused to disclose the identity of the owner of Suite 312. In addition, according to the process server, the

clerk would not accept process on behalf of the owner of Suite 312 unless the server could identify the owner's name.

15. The process server reported that he asked the UPS clerk whether Stone or Stop the Steal was the owner of Suite 312. According to the server, the UPS clerk said no and refused to accept process. The process server said he left the store.

16. Performing research on Stop the Steal, counsel for Plaintiff found its original Form 8871 submission dated April 6, 2016. From the form, counsel for Plaintiff learned that, at the time of signing, Stop the Steal's custodian and contact person was Rollins.

17. On or about November 1, 2016, I sent the process server again to effectuate service upon Stone and Stop the Steal at the Santa Ana address.

18. The process server reported that the UPS clerk again refused to accept process on behalf of the owner of Suite 312 unless the server could identify the owner's name. According to the server, he asked whether Rollins was the owner of Suite 312, and the UPS clerk said no. The server reported that UPS clerk refused to accept process, and that he left the store.

19. Performing additional research on Stop the Steal, counsel for Plaintiff found its amended June 3, 2016, Form 8871 submission and three Form 8872 submissions, dated July 15, 2016; October 15, 2016; and October 26, 2016. From these filings, counsel for Plaintiff learned that Stop the Steal's current custodian and contact person is Boeck.

20. From the research, counsel for Plaintiff also learned that, on its public filings with the Federal Election Commission, the super PAC Committee to Restore America's Greatness PAC (Committee ID # C00589879) reports its address to be the Santa Ana address. On or around November 2, 2016, I viewed an article that was published in *The Hill*; dated December 17, 2015; and reported that Stone launched the Committee to Restore America's Greatness PAC.

Upon viewing the website, I saved a copy electronically. Annexed hereto as Exhibit 8 is a true and accurate copy of the article I viewed.

21. On or about November 2, 2016, I sent the process server once more to effectuate service upon Stone and Stop the Steal at the Santa Ana address.

22. The process server reported to me that, on the third attempt, he asked the UPS clerk on duty, Eric Sanchez ("Sanchez"), whether Brad Boeck or the Committee to Restore America's Greatness PAC was the owner of Suite 312. Sanchez confirmed that the box was owned by both Boeck and the Committee to Restore America's Greatness PAC. Because Boeck is Stop the Steal's custodian and contact person, the process server effectuated service on Stop the Steal by leaving the documents at the Santa Ana address.

23. On or about November 3, 2016, the process server provided me with proof of service, attesting that he served process on Boeck on behalf of Stop the Steal. Publication of the proof of service via ECF is forthcoming.

24. In addition, on or about November 1, 2016, I purchased a background report on Stone from a private informational services provider. The background report listed Stone's confirmed home address as 265 North Shore Drive, Miami Beach, FL 33141 (the "Miami Beach address").

25. On or about November 1, 2016, I sent a Florida process server from PI Services to effectuate service on Stone at the Miami Beach address.

26. On or about November 1, 2016, the process server, Juan Barroso, told me that earlier in the day, he unsuccessfully attempted to effectuate service at the Miami Beach address. The server reported that he went to the Miami Beach address and saw no vehicles on the property. The process server reported ringing the doorbell without receiving an answer.

27. On or about November 2, 2016, the process server told me that, during the morning, he unsuccessfully attempted for a second time to effectuate service at the Miami Beach address. The process server reported no vehicles on the property. The process server also reported ringing the doorbell without receiving an answer.

28. On or about November 3, 2016, the process server provided me with proof of service, explaining his attempts to effectuate service at the Miami Beach address. Publication of the proof of service via ECF is forthcoming.

29. On or around November 1, 2016, I viewed Stone's personal website, stonezone.com. On the contact page of his website, Stone reports his email address as stone@stonezone.com.

30. Upon viewing the page, I saved a copy electronically. Annexed hereto as Exhibit 9 is a true and accurate copy of the page I viewed.

31. Moreover, on November 1, 2016, I emailed stone@stonezone.com with the Complaint, summons, and orders related to the above-captioned matter. As of this filing, stone@stonezone.com neither has replied to my message nor has sent a read receipt.

32. After sending the email, I saved a copy electronically. Annexed hereto as Exhibit 10 is a true and accurate copy of the email I sent.

33. After due search and careful inquiry, Plaintiff and its counsel cannot determine the identity of Stone's counsel.

34. Donald F. McGahn II ("McGahn") is counsel for Defendant Donald J. Trump for President, Inc. On October 31, 2016, McGahn accepted process on behalf of the organization. I viewed an email by McGahn confirming receipt on October 31, 2016. Upon viewing the email, I

saved a copy electronically.  Annexed hereto as Exhibit 11 is a true and accurate copy of the email I viewed.

35.     On or about November 1, 2016, I viewed an email by Michael J. Gottlieb, co-counsel for Plaintiff, to McGahn requesting information or guidance on how to effectuate service upon Stone or his counsel.  As of this filing, McGahn has not responded to Gottlieb's email.  Upon viewing the email, I saved a copy electronically.  Annexed hereto as Exhibit 12 is a true and accurate copy of the email I viewed.

36.     Later that day, I viewed another email by Gottlieb to McGahn inquiring once again about information or guidance on how to effectuate service upon Stone or his counsel.  As of this filing, McGahn has not responded to this second email.  Upon viewing the email, I saved a copy electronically.  Annexed hereto as Exhibit 13 is a true and accurate copy of the email I viewed.

37.     Meanwhile, Stone has acknowledged the above-captioned matter in statements to reporters and a public tweet.

38.     On or about November 1, 2016, I viewed an article published in *LawNewz.com* in which the author posted Stone's full press release concerning the above-captioned matter.  In the statement, Stone stated:  "I'm honored but the lawsuit is without merit and the lawyers who filed it could face sanctions."

39.     In the statement, Stone also spoke on behalf of Stop the Steal:  "*Stop the Steal* in partnership with Voter Protectors is conducting a neutral, scientifically based EXIT POLL in order to compare the actual machine results with the exit poll results in 7000 key precincts. . . . All *we* ask is [a fair] standard apply to the 2016 Presidential election.  Since it is *our* intention to interview voters voluntar[il]y after they vote[,] it [is] ha[r]d to see how voters would find this

intimidating. *Our* methodology is no different than that used in the network consortium exit polls." (emphasis added).

40. Upon viewing the article, I saved a copy electronically. Annexed hereto as Exhibit 14 is a true and accurate copy of the article I viewed.

41. Stone's Twitter account name is @RogerJStoneJr. On or about November 1, 2016, I viewed the following tweet published by @RogerJStoneJr and dated October 31, 2016: "I'm honored and flattered but the Democrats['] lawsuit against me is utter bullshit." The tweet also included a link to the Stop The Steal website. As of this filing, the tweet is still on his Twitter page.

42. Upon viewing the tweet, I captured an image of the message and saved it electronically. Annexed hereto as Exhibit 15 is a true and accurate copy of the image I captured and message I viewed.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: November 3, 2016

Respectfully submitted,

Dawn L. Smalls
**BOIES, SCHILLER & FLEXNER LLP**
575 Lexington Avenue
New York, NY 10022
Tel: (202) 754-4216
Fax: (212) 446-2350
dsmalls@bsfllp.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 3, 2016, I electronically transmitted the attached document and exhibits to the Clerk's Office using the CM/ECF System for filing.  Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

    Respectfully submitted,

    */s/ Dawn L. Smalls*

    Dawn L. Smalls
    **BOIES, SCHILLER & FLEXNER LLP**
    575 Lexington Avenue
    New York, NY 10022
    Tel: (202) 754-4216
    Fax: (212) 446-2350
    dsmalls@bsfllp.com

    *Attorney for Plaintiff*